WHITAKER
*vs*
WHEELER.

---

MOTION.

*Case* 21.

## Whitaker *vs* Wheeler.

ERROR TO THE PENDLETON CIRCUIT.

*Collectors of militia fines.   Motions.   Notice.*

*Sept.* 30.

JUDGE MARSHALL delivered the opinion of the Court.

Paymasters of regiments may maintain motions against collector of fines, for failing to settle and pay over fines collected by such collector, crediting the commissions & such fines as were not collectable.

IT seems to this Court, that under the act of 1837, to amend the militia law, (*Ses. Acts* 145, *sections* 31 *and* 93,) the remedy, by motion, against the collector of the Regimental fines, is given for failing to settle with the Pay-master, and pay over to him, (on or before the first of January in each year,) "all sums by him collected and for which he is accountable," reserving his commission, and that nothing can be recovered by the motion but the sums collected by him, and for which he is accountable, reserving his commission.   It is true, if there has been no such settlement, the notice may demand judgment for the whole amount of fines receipted for by the collector, and which he has failed to account for and pay over or settle; and as the failure of the collector to return a list of insolvent delinquents to the Court of Assessment, for allowance by it, creates the presumption that there are no insolvents, and that the whole amount is, as it ought to have been, collected, there may be, on the ground of this presumption, a recovery of the whole amount, deducting commissions, unless it is made to appear that a portion of the fines has not, in fact, been collected; in which case the judgment should be for the residue, that is, for so much as has been, or appears to have been collected. There is no doubt, therefore, that the collector may, on

the trial of such motion, reduce the amount for which judgment should be given, by showing that certain fines have not been collected: but he cannot show this by his own mere statement. The remedy for a failure to collect, is not by motion, but by action on his bond. In this case, the notice of the motion states that a motion will be made for a judgment for $177, the amount of a list of militia fines assessed, &c. and put into your hands, &c. and receipted for by you, &c. "and which list of fines you have failed to collect, pay over or account for according to law." If the notice had merely charged that the collector had failed to pay over or account for the amount, or the list of fines, the notice would have been sufficient to authorize a judgment for the whole amount, deducting commissions, unless it had been shown that part was not collected.

But as the notice charges that he had failed to collect the list of fines, as well as that he had failed to pay over or account for it, the question is presented, whether the notice itself does not show that there has been no collection, and therefore, that there can be no judgment. This, in our opinion, is the effect which should be given to the charge, that the defendant has failed to collect the list of fines, and on this construction there can be no recovery on this notice.

—But where the notice charges a failure to collect, there can be no recovery by motion; the remedy is by suit on the bond.

Wherefore, the judgment is reversed and the cause remanded, with directions to dismiss the motion.

*Hawser* for plaintiff.